UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORY CHAVEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>YONG KYUN WON, et al.,<br><br>    Defendants. | Case No.: 1:19-cv-0595  JLT<br><br>ORDER VACATING THE HEARING DATE OF SEPTEMBER 4, 2020<br><br>ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION<br>(Doc. 32) |

Rory Chavez asserts he encountered disability access barriers when visiting Havana House Smoke Shop and seeks to hold Yong Kyun Wong, Young Ae Wong, and GIJ Enterprises liable for violations of the Americans with Disabilities Act and Unruh Civil Rights Act. (*See* Doc. 1) Defendants seek summary adjudication of Plaintiff's claim under the ADA. (Doc. 30) Plaintiff opposes the motion, asserting there is no admissible evidence that Defendants' property complies with the ADA. (Doc. 37)

The Court finds the matter suitable for decision without oral arguments, and the matter is taken under submission pursuant to Local Rule 230(g).  Therefore, the hearing date of September 4, 2020 is **VACATED**.  For the reasons set forth below, Defendants' motion is **DENIED**.

///

///

///

1

## I.      Background and Undisputed Facts[1]

Plaintiff "is a California resident with physical disabilities" and he "uses a wheelchair for mobility." (Doc. 1 at 1, ¶ 1; DSF 1) Plaintiff alleges that in December 2018, he visited Havana House Smoke Shop, which is located at 3221 Niles Street in Bakersfield, California. (*Id.* at 2-3, ¶¶ 5, 10) The real property at that location is owned by Yong Kyun Wong and Young Ae Wong, while defendant GIJ Enterprises operated Havana House Smoke Shop at the time of Plaintiff's visit. (*Id.* at 2, ¶¶ 3-5; *see also* Doc. 30-1 at 6; Doc. 38)

Plaintiff asserts he went to Havana House Smoke Shop "with the intention to avail himself of its goods or services and to assess the business for compliance with the disability access laws." (Doc. 1 at 3, ¶ 10) He reports the store "is a facility open to the public, a place of public accommodation, and a business establishment." (*Id.*, ¶ 11) Plaintiff alleges "[p]arking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Store." (*Id.*, ¶ 12) According to Plaintiff, on the date of his visit, "the defendants did not provide accessible parking in conformance with the ADA Standards." (*Id.*, ¶ 13) In addition, Plaintiff reports that "the defendants did not provide accessible paths of travel leading to the entrance of the Store in conformance with the ADA Standards." (*Id.*, ¶ 16) Plaintiff "personally encountered" the identified barriers, which "denied the plaintiff full and equal access" to the store. (*Id.*, ¶¶ 18-19)

At the time of the complaint was filed in May 2019, Plaintiff reported the barriers remained and Defendants did not provide accessible parking or accessible paths of travel in compliance with the ADA standards. (Doc. 1 at 3, ¶¶ 14, 17) Plaintiff asserts he would return to Havana House Smoke Shop "to avail himself of goods or services and to determine compliance with the disability access laws once it is represented to him that the Store and its facilities are accessible." (*Id.* at 4, ¶ 23) However, he was "deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site." (*Id.*) Thus, Plaintiff seeks to hold Defendants liable for violations of the ADA and California's Unruh Civil Rights Act. (*See generally* Doc. 1)

---

[1] The parties did not prepare a Joint Statement of Undisputed Facts. However, Defendants prepared a separate statement of facts. (Doc. 30-2 at 2) To the extent the Court finds the facts are undisputed and admissible evidence supports the facts, such facts are identified as DSF.

Defendants filed their motion for summary adjudication now pending before the Court on August 3, 2020. (Doc. 30) Defendants contend Plaintiff's request "for injunctive relief must be dismissed because … all of the paint striping and signage for the accessible parking spaces at the [Store] presently comply with current accessibility standards under both federal and state law." (Doc. 30-1 at 6) In addition, Defendants assert "the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims." (*Id.*) Plaintiff filed his opposition to the motion on August 21, 2020. (Doc. 37) Defendants not file a reply.

## II.     Legal Standards for Summary Judgment

The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsuhita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In addition, Rule 56 allows a court to grant summary adjudication, or partial summary judgment, when there is no genuine issue of material fact as to a particular claim or portion of that claim. Fed. R. Civ. P. 56(a); *see also Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim…") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Summary judgment, or summary adjudication, should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the "initial responsibility" of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987). A party demonstrates summary adjudication is

appropriate by "informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).

If the moving party meets its initial burden, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue of a material fact. Fed R. Civ. P. 56(e); *Matsuhita*, 475 U.S. at 586. An opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 587. The party is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that a factual dispute exits. *Id.* at 586 n.11; Fed. R. Civ. P. 56(c). The opposing party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987). However, "failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

The Court must apply standards consistent with Rule 56 to determine whether the moving party demonstrated there is no genuine issue of material fact and judgment is appropriate as a matter of law. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). In resolving a motion for summary judgment, the Court can only consider admissible evidence. *Orr v. Bank of America, NT & SA,* 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed. R. Civ. P. 56(e); *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). Further, evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr*, 285 F.3d at 772; *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

### III.     Evidence before the Court

Pursuant to Rule 56(c) of the Federal Rules of the Civil Procedure, "an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

### A. Expert Opinions

Under the Federal Rules, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702. However, "an expert witness cannot give an opinion as to [a] *legal conclusion*, i.e., an opinion on an ultimate issue of law." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008); *see also Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) ("Expert testimony is not proper for issues of law.... They do not testify about the law.") (citations and quotation marks omitted).

### B. Statements of Jong Park

Plaintiff objects to statements made by Jong Park in his declaration and the Certified Access Specialist Inspection Report dated July 9, 2020 ("the CASp Report"). (Doc. 37-2) Mr. Park reports he "personally visited and inspected the property located at 3221 Nile Street, Bakersfield California… on July 9, 2020 and took measurements." (Doc. 30-5 at 3, Park Decl. ¶ 4) He prepared the CASp Report, in which Mr. Park indicated:

> 1. Designated parking stall: Provided a van accessible parking space as required, and complies with 2010 ADA STD & 2016 CA Title 24 Part2-11B-502.2
>
> 2. Dimensions of the accessible parking space: Met the required dimensions for van accessible parking space with access aisle, and, in compliance with 2010 ADA STD and 2016 CA Title 24 Part 2-11 B-502.2 and 502.3
>
> 3. Provided International Symbols (ISA) over the surface of the accessible parking stall per 2010 ADA STD and 2016 CA Title 24 Part 2-118-502.6.4.1 and 502.6.4.2
>
> 4. Paint striping over the accessible parking stall and aisle: Provided complete paint striping per 2010 ADA STD and 2016 CA Title 24 Part 2-118-502.3, 502.3.3
>
> 5. "NO PARKING" words on surface of the access aisle: Provided over access aisle (loading and unloading area) and in compliance with 2010 ADA STD and 2016 CA Title 24 Part 2-11 B-502.3.3
>
> 6. Signage-identification of parking space for off-street parking facilities: Provided wall mounted sign that is containing "International Symbol of Accessibility", "Van Accessible" and "Minimum Fine $250" per 2016 CA Title 24 Part 2-11 B- 502.6
>
> 7. Appropriately completed Unauthorized Vehicle Warning sign is installed and in compliance with 2010-2016 CA Title 24 Part 2-11 B-502.8
>
> 8. Provided required access aisle on the passenger side for the van accessible parking

space and in compliance with 2010 CA Title 24 Part 2-118-502.3.4

9. Surface conditions on the accessible parking and aisle: Removed existing built up ramp from the access aisle, repaved, achieved required surface conditions and the accessible parking is in compliance with 2010 ADA STD 302, 502.4, 2016 CA Title 24 Part 2-11 B-302 and 502.4. The surfaces are sloped not more than 2 % and in compliance.

10. Provided an accessible route (accessible path of travel) from accessible parking to the entrance, and, in compliance with 2010 ADA STD 403 (1-5) and 206.2.1.

Conclusion: In the opinion of the inspector, the facilities and accessible features listed above are in compliance with 2010 ADA STD and 2016 CA Title 24, Part 2-11 B accessibility requirements for existing facilities.

(Doc. 30-5 at 4; Doc. 30-6 at 3) (emphasis omitted) Furthermore, Mr. Park states in his declaration: "Based on my inspect and report, the elements of the Facility identified in Plaintiff's Complaint are compliant under federal and state accessibility standards.  Presently, the Facility has, among others, accessible path of travel leading to the entrance of the former Havana House Smoke Shop..." (Doc. 30-5 at 3, Park Decl. ¶ 6)

Plaintiff objects to the statements in Paragraph 6 of Park's declaration, asserting he offers only legal conclusions regarding the accessibility of a path of travel and compliance with the federal and state standards.  (Doc. 37-1 at 2-3; Doc. 37-2) Plaintiff contends the CASp Report suffers the same infirmities because Mr. Park fails to provide any information regarding the measurements taken or "the facts or data for the facilities at issue." (Doc. 37-1 at 3)

**C.     Analysis**

An expert may not offer a legal conclusion or testimony on "issues of law." *Crow Tribe of Indians*, 87 F.3d at 1045; *see also United States v. Duncan*, 42 F.3d 97, 101 (2d Cir.1994) ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.").  Significantly, whether there is compliance with ADA regulations is "a legal conclusion." *See, e.g.*, *See Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 216 (2d Cir. 2003) ("ADA compliance" was a "legal conclusion[]"); *Arroyo v. Denaco, LLC,* 2020 WL 2477682 at \*2 (C.D. Cal. Mar. 20, 2020) (identifying accessibility and "in conformance with the ADA standards" as "legal conclusions," not facts).

Courts have repeatedly stricken statements from experts regarding ADA compliance where the

6

expert failed to identify any factual support for the opinions. *See, e.g., Kalani v. Starbucks Corp.*, 81 F.Supp. 3d 876, 881-84 (N.D. Cal. 2015) (excluding statements from an expert "as impermissible legal conclusions"); *Sharp v. Islands Cal. Ariz. LP,* 900 F. Supp. 2d 1101, 1112 (S.D. Cal. 2012) (statement that the "waiting area is accessible to wheelchair users and complies with all ADAAG requirements" was an improper legal conclusion); *Feltenstein v. City of New Rochelle*, 254 F.Supp. 3d 647, 657 (N.Y.S.D. 2017) (finding the expert "makes legal conclusions of compliance with the ADA without providing sufficient detail" and denying summary judgment); *see also Miller v. California Speedway Corp.,* 453 F. Supp. 2d 1193 (C.D. Cal. 2006)*, reversed on other grounds* by 536 F.3d 1020 (9th Cir. 2008) (concluding the expert offered an impermissible conclusion of law where the expert opined that "the subject seating does in fact comply with the applicable" laws and regulations, without identifying any factual support for that conclusion).

For example, in *Kalani*, the Northern District court excluded "several paragraphs of Defendant's expert's declaration as impermissible legal conclusions that cannot support a finding of summary judgment." *Id.*, 81 F.Supp. 3d at 884. In *Kalani*, the expert indicated:

> A) Plaintiff's allegations in his First Amended Complaint (Court Docket No. 32-1) are without merit.
>
> B) The subject store fully complies with all federal and state access regulations as Plaintiff ROBERT KALANI alleges them and as they relate to his disability of a mobility impaired person who uses an automatic wheelchair. As of November 4, 2014, the facility is free of non-compliant issues.
>
> C) The disabled, van accessible parking spot and access aisle in front of the store complies with all applicable access requirements after the renovation. A proper accessible route is provided from this parking spot to the front door.

*Id.* at 882. The court found no factual support for the expert's opinions, where no information was provided regarding measurements. *Id.* In contrast, the court noted the expert's statement that a pick-up counter … complies with access regulations" was supported where the expert also indicated the counter "now provides a length of 36 inches and a height of 34 inches." *Id.* Given the lack of measurements or other factual support regarding the parking spot and an accessible pathway, the court sustained the objections to the expert's statements in Paragraphs A, B, and C as "impermissible legal conclusions lacking factual support." *Id.* at 883. Thus, the court concluded the expert's statements were "an insufficient basis on which to grant summary judgment." *Id.* (citing *Sharp*, 900 F. Supp. 2d at 1112).

Mr. Park failed to provide any information regarding the measurements taken of the parking area, the ramp, or the route from the parking lot to the entrance of Havana House Smoke Shop. (*See* Doc. 30-5 at 3-4; Doc. 30-6 at 30) Mr. Park offers only his conclusion that the parking and paths of travel "are compliant under federal and state accessibility standards." (Doc. 30-5 at 3, Park Decl. ¶ 6; *see also* Doc. 30-5 at 4) Given the lack of factual support, the statements from Mr. Park are no more than improper legal conclusions. *See Kalani,* 81 F.Supp.3d at 884; *Sharp*, 900 F.Supp.2d at 1112. Plaintiff's objections to the statements found in Paragraph 6 of Mr. Park's declaration and the CASp Report are **SUSTAINED**.

### D. Evidence Considered by the Court

The Court, as a matter of course, has not factored into its analysis any statements identified by either party that are speculative or represent a legal conclusion. *See Burch*, 433 F. Supp.2d at 1119 ("statements in declarations based on speculation or improper legal conclusions, or argumentative statements, are not *facts* and likewise will not be considered on a motion for summary judgment.") (citation omitted, emphasis in original). Thus, the Court has relied upon only evidence it has deemed admissible.[2] In addition, the Court will consider only those facts that are supported by admissible evidence and to which there is no genuine dispute.

### IV. Discussion and Analysis

Defendants seek summary adjudication of Plaintiff's claim under Title III of the ADA, asserting his claim for injunctive relief is moot. (Doc. 30-1 at 7-10) In addition, Defendants argue the Court should decline to exercise jurisdiction over Plaintiff's claim for a violation of California's Unruh Civil Rights Act, seek dismissal of Plaintiff's state law claim. (*Id.* at 10-15)

### A. First Cause of Action: Violations of the ADA

Title III of the ADA prohibits discrimination against persons with disabilities in places of public accommodation, and provides in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

---

[2] For example, Defendants attached several photos as Exhibit 1 to their motion. (Doc. 30-4) However, there is no information regarding when these photos were taken, and the photos have not been authenticated. Thus, the photographs are not deemed admissible. In addition, Plaintiff submitted a declaration in support of his opposition to the motion, but the declaration was not signed or dated. (*See* Doc. 37-4 at 2)

advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). For purposes of Title III, discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iv).  Thus, the Ninth Circuit determined:

> To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability.

*Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). A plaintiff need not show intentional discrimination to make out an ADA violation. *Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 846 (9th Cir. 2004).

### 1.    Plaintiff's prima facie case

Defendants do not argue Plaintiff fails to satisfy the elements of a Title III claim. (*See* Doc. 30-1 at 7)  It is undisputed Plaintiff is paralyzed from his chest down and uses a wheelchair for mobility. Yong Kyun Won and Young Ae Won are the owners of the real property, and the Havana House Smoke Shop was operated by GIJ Enterprises at the time Plaintiff visited the store. (*See* Doc. 30-1 at 6; Doc. 38)  Further, Havana House Smoke Shop was a place of public accommodation, as a retail store and sales establishment. *See* 42 U.S.C. § 12181(7)(E).  Finally, Defendants do not dispute Plaintiff encountered barriers that caused him to be denied access to the store, including parking that was not accessible and greater slope that permissible in the path of travel.[3]  (*See* Doc. 30-1 at 7; Doc. 37 at 5)

### 2.    Injunctive relief

The ADA authorizes only injunctive relief for disabled individuals who suffer prohibited discrimination and does not provide for the recovery of monetary damages by private individuals. *See* 42 U.S.C. § 12188(a)(2); *Pickern v. Holiday Quality Foods, Inc*., 293 F.3d 1133, 1136 (9th Cir. 2002). Defendants contend Plaintiff's request for injunctive relief is moot, because of the barriers Plaintiff encountered were removed.  (Doc. 30-1 at 8-9)

---

[3] To the contrary, Defendants concede the barriers existed, but assert they have been removed.

Defendants observe, "The law is well established that a defendant's remedial efforts will render a plaintiff's ADA claim for injunctive relief moot." (Doc. 30-1 at 8, citing, *e.g.*, *Gasper v. Marie Callendar Pie Shops*, 2006 U.S. Dist. LEXIS 96929 at *4 (C.D. Cal. June 27, 2006)) Indeed, the Supreme Court determined that a claim for injunctive is moot if "it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to occur." *Friends of the Earth, Inc. v. Laidlaw Environmental Services*, 528 U.S. 167, 190 (2000). Thus, a claim for a violation of the ADA is rendered moot where "all of plaintiff's concerns … have been addressed and corrected." *Pickern v. Best Western Timber Cove Lodge*, 194 F. Supp. 2d 1128, 1130 (E.D. Cal. 2002).

Defendants assert that the barriers encountered by Plaintiff in the parking area and his path of travel to the store have been removed and corrected. (*See* Doc. 30-1 at 9-10) However, Defendants fail to present any admissible evidence demonstrating the barriers have been removed or corrective efforts undertaken. Defendants have not provided "measurements for slopes, height, depth, and length of the barriers' alleged remediation." (Doc. 37 at 6) Without such evidence, the Court is unable to determine whether the parking area and slope on the path of travel are accessible and in compliance with the standards provided by the ADA Accessibility Guidelines, which "provide valuable guidance for determining whether an existing facility contains architectural barriers." *Chapman v. Starbucks Corp.*, 2011 U.S. Dist. LEXIS 3570 at *10 (E.D. Cal. Jan. 7, 2011) (citation omitted) Because Defendants fail to establish the barriers no longer exist—or that Plaintiff's request for injunctive relief is moot—the request for summary adjudication of the ADA claim is **DENIED**.

**B.  Second Cause of Action: Violations of the Unruh Civil Rights Act**

Plaintiff's second claim in his Complaint is for a violation of California's Unruh Civil Rights Act, which provides "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their …disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). Notably, the Unruh Act provides that "[a] violation of the right of any individual under the Americans with Disabilities … shall also constitute a violation of this section." Cal. Civ. Code § 51(f).

Defendants request that the Court "decline to exercise supplemental jurisdiction over Plaintiff's

state law claims" under the Unruh Act.  (Doc. 30-1 at 10, emphasis omitted) The Court may decline supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

A court may decline to exercise supplemental jurisdiction under Section 1367(c) "under any one of [the statute's] four provisions." *San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 478-79 (9th Cir. 1998).  When dismissing a state-law claim pursuant to Section 1367(c)(1)-(3), the court need not state its reason for dismissal. *Id.*  However, if a court declines to exercise supplemental jurisdiction under Section 1367(c)(4), however, the court must "articulate why the circumstances of the case are exceptional." *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994). The Ninth Circuit cautioned that declining supplemental jurisdiction based on Section 1367(c)(4) should be the exception, rather than the rule. *Id.* at 1558.

Defendants argue "at least three of the four statutory grounds exist for this Court to decline supplemental jurisdiction," including: the dismissal of Plaintiff's ADA claim, novelty and complexity of the state law claim, and the state law claim predominating over the federal claim.  (Doc. 30-1 at 10; *see also id.* at 10-15)

### 1. Dismissal of claims over which the Court has original jurisdiction

As an initial matter, the Court did not find Plaintiff's ADA claim is moot or dismiss the claim. Consequently, this is not a ground for the Court to decline supplemental jurisdiction.

### 2. Whether the state claim predominates

Defendants argue Plaintiff's state-law claim for a violation of the Unruh Civil Rights Act substantially predominates over the ADA claim because the remedies under the state claim exceed those under the federal claim. (Doc. 30-1 at 14-15)  According to Defendants, because "Plaintiff is only entitled to injunctive relief and attorneys' fees" under the ADA and seeks "$4,000 in statutory damages

for each offense" under the Unruh Act, "the Court should… decline to exercise supplemental jurisdiction." (*Id.* at 14-15)

Courts in the Ninth Circuit have rejected the argument that a claim under the Unruh Act predominates over a claim under the ADA simply because of the difference in available remedies. *See, e.g., Moore v. Dollar Tree Stores Inc.* 85 F.Supp.3d 1175, 1194 (E.D. Cal. 2015) ("the mere fact that the state claims allow for the recovery of monetary damages, whereas the ADA provides for injunctive relief only, does not compel the conclusion that the state claims 'substantially predominate' over the federal claim"); *Castillo-Antonio v. Hernandez,* 2019 WL 2716289 at *7 (N.D. Cal. June 28, 2019) ("even though the state-law claims provide for more comprehensive remedies, they do not substantially predominate over the ADA claim because the proof required for both the state and federal claims is nearly identical"); *Schoors v. Seaport Vill. Operating Co., LLC*, 2017 WL 1807954 at *4 (S.D. Cal. May 5, 2017) (holding that although an Unruh Act claim offered more remedies, the Unruh Act claim did not substantially predominate over the ADA claim). Also, the burdens of proof for the ADA and the Unruh Act are the same. *Moore*, 85 F.Supp. 3d at 1194. Furthermore, "[t]he Unruh claim and the federal claim arise from the same nucleus of operating facts, have the same witnesses, the same evidence, and the same parties." (Doc. 37 at 17); *see also Schoors*, 2017 WL 1807954 at *4 (claims under the Unruh Act and ADA "involve identical alleged facts, witnesses, and evidence"). As this Court previously observed, accepting Defendants' argument that difference in remedies mandates a finding that the state claim predominates "would effectively preclude a district court from ever asserting supplemental jurisdiction over a state law claim under the Unruh Act [in an ADA case]." *Johnson v. Barlow*, 2007 WL 1723617 at *3 (E.D. Cal. June 9, 2007). Thus, the Court finds Defendants fail to establish the Court should decline supplemental jurisdiction on this basis.

### 3. Whether novel or complex issues are raised

Defendants assert, "Courts have long recognized that claims brought pursuant to the Unruh Civil Rights Act raise novel and complex issues of state law, providing another basis for this Court to decline supplemental jurisdiction." (Doc. 30-1 at 12) According to Defendants, "[i]t is well-settled under California law that there is a conflict with regard to the manner in which damages are calculated" under the Unruh Act. (*Id.*) In addition, Defendants assert "the passage of Senate Bill 1186 in 2012

presents … novel issues of state law." (*Id.* at 13)

                        a.       *Damages calculation*

The Unruh Act provides in relevant part that "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 [] shall also constitute a violation of [the Unruh Act]." Cal. Civ. Code § 51(f). The Unruh Act generally provides for a minimum of $4,000 in statutory damages for each offense. *See* Cal. Civ. Code § 52. Defendants maintain the provision of damages "for each and every offense" under the Unruh Act is "not well-defined," and "two district courts have come to conflicting conclusions when dealing with this language." (Doc. 30-1 at 12) Defendants note that the Southern District permitted recovery for daily damages, while the Northern District determined daily damages were not permitted. (*Id., comparing Botosan v. Fitzhugh*, 13 F. Supp. 2d 1047 (S.D. Cal. 1998) *with Doran v. Embassy Suites Hotel*, 2002 WL 196166 at *4-5 (N.D. Cal. Aug. 26, 2002)).

Plaintiff notes that his "Unruh claim is for a single statutory penalty of $4,000 against both the Wons and GIJ Enterprises, Inc." (Doc. 37 at 18) Because Plaintiff does not seek damages for repeated visits to Havana House Smoke Shop, the issue identified by Defendants is irrelevant and does not support a conclusion that the Court should decline supplemental jurisdiction. *See Moore*, 85 F.Supp. 3d at 1193 (the issue was "irrelevant to the case at had because Plaintiff does not seek to stack claims across multiple visits").

                        b.       *Senate Bill 1186*

According to Defendants, "the passage of Senate Bill 1186 in 2012 presents additional novel issues of state law," as "this law codified new procedural requirements for disability discrimination lawsuits, including pre-litigation demands for money and the veracity of complaints." (Doc. 30-1 at 13) Defendants observe the bill "codified new procedural requirements for disability discrimination lawsuits, including pre-litigation demands for money and the veracity of complaints." (*Id.*)

The amendments to Cal. Code Civ. Proc. § 425.50 require a plaintiff to identify "[t]he way in which the barrier denied the individual full and equal use or access, or in which it deterred the individual on each particular occasion" and the specific date "on which the encountered the specific access barrier." Cal. Code Civ. Proc. § 425.50(a)) In addition, California law requires a complaint to be verified by the plaintiff, and "[a] complaint filed without verification shall be subject to a motion to

strike." *Id.* § 425.50(b))  Defendants argue "Plaintiff's complaint is deficient under § 425.50 in the following ways: (1) Plaintiff's complaint is not verified; (2) Plaintiff failed to specify the date []he allegedly encountered barriers; [and] (3) Plaintiff failed to state the manner in which the alleged condition denied [him] access on a particular occasion." (*Id.*)  According to Defendants, the Court should not permit "a plaintiff to litigate the only remaining claims in this forum, which are state law claims, while avoiding the requirements imposed on the litigating of those very state claims in state court." (Doc. 30-1 at 14)

However, Plaintiff's Unruh Act claim is *not* the only claim remaining at this juncture.  Further, the pleading standards set forth in the Federal Rules of Civil Procedure govern complaints filed in the federal courts, even when state laws are included in the complaint.  *See Marsh v. San Diego County*, 432 F.Supp.2d 1035, 1059 (S.D. Cal. 2006) (applying the Federal Rules of Civil Procedure to evaluate the adequacy of the pleadings for the plaintiff's claim under the Unruh Act)*; see also M.J. v. Clovis Unified Sch. Dist.*, 2007 WL 1033444 at *12 (E.D. Cal. Mar. 28, 2007) ("the liberal notice pleading standard set forth in Federal Rule of Civil Procedure 8 applies to claims brought under the Unruh Act in federal court"). Thus, the pleading requirements under California law are irrelevant, and any pleading deficiencies in Plaintiff's complaint following the passage of Senate Bill 1186 does not support a conclusion that the Court should decline supplemental jurisdiction.

### 4. Other compelling reasons

Defendants contend the "state court provides a more efficient forum for Plaintiff's state law claim."  (Doc. 30-1 at 15, emphasis omitted)  However, with the federal claim remaining in the action, this argument is not well-taken.

The Unruh Act provides that a violation under the ADA is a violation of the Unruh Act. Cal. Civ. Code § 51(f).  If Plaintiff establishes a claim for a violation of the ADA, he also establishes a violation of the Unruh Act.  *See id.*  Consequently, "[t]he state and federal claims are so intertwined that it makes little sense to decline supplemental jurisdiction." *Moore*, 85 F.Supp. 3d at 1194. Declining supplemental jurisdiction "would create the danger of multiple suits," an increase in litigation costs for the parties, and "wasted judicial resources."  *Id.*  Thus, contrary to Plaintiff's assertion, it would be more efficient for Plaintiff's Unruh Act claim to remain in the federal court.

**V.      Conclusion and Order**

Defendants fail to present admissible evidence to establish that Plaintiff's claim for injunctive relief under the ADA is moot.  In addition, the Court retains supplemental jurisdiction over Plaintiff's claim under California's Unruh Act.

Based upon the foregoing, the Court **ORDERS**: Defendants' motion for partial summary judgment and request for the Court to decline jurisdiction (Doc. 30) is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 31, 2020**                              /s/ Jennifer L. Thurston
                                                                                    UNITED STATES MAGISTRATE JUDGE