UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORY CHAVEZ, | ) Case No.: 1:19-cv-595 - JLT |
| Plaintiff, | ) ORDER DENYING WITHOUT PREJUDICE THE MOTIONS TO WITHDRAW AS COUNSEL FOR DEFENDANT GIJ ENTERPRISES, INC. |
| v. | |
| YONG KYUN WON, et al., | ) (Docs. 34, 39) |
| Defendants. | |

Rory Chavez asserts he encountered disability access barriers when visiting Havana House Smoke Shop, and seeks to hold Yong Kyun Wong, Young Ae Wong, and GIJ Enterprises liable for violations of the Americans with Disabilities Act and Unruh Civil Rights Act.  (*See generally* Doc. 1) Jong Yun Kim now seeks to withdraw as counsel for GIJ Enterprises, Inc. (Docs. 34, 39)

The Court finds the matter is suitable for decision without oral arguments, and the matter is taken under submission pursuant to Local Rule 230(g) and General Orders 612 and 612. Therefore, the hearing date of September 25, 2020 is **VACATED**.  For the reasons set forth below, the motion to withdraw as attorney of record is **DENIED without prejudice**.

**I.     Relevant Background**

Plaintiff initiated this action by filing a complaint on May 6, 2019.  (Doc. 1)  He reports that he "is a California resident with physical disabilities" and he "uses a wheelchair for mobility." (Doc. 1 at 1)  He alleges he visited Havana House Smoke Shop, which is located at 3221 Niles Street in

1

Bakersfield, California.  (*Id.* at 2)  According to Plaintiff, the real property at that location is owned by Yong Kyun Wong and Young Ae Wong, while defendant GIJ Enterprises owned the shop at the time of Plaintiff's visit.  (*Id.*)  Plaintiff asserts the store did not have "accessible parking in conformance with the ADA standards" or "accessible paths of travel leading to the entrance of the Store," and seeks to hold the defendants liable for these barriers.  (*See id.* at 2-6)  Defendants filed their answer to the complaint on August 23, 2019.  (Doc. 20)

The parties requested referral to the Court's Voluntary Dispute Resolution Program, but were unable to settle the action.  After the parties filed a Joint Scheduling Report, the Court issued a Scheduling Order on July 9, 2020.  (Docs. 27, 28)  Defendants moved for summary judgment on August 4, 2020 (Doc. 30), and the motion was denied on September 1, 2020 (Doc. 40).

On August 18, 2020, Mr. Kim filed the motion now pending before the Court, seeking to withdraw as counsel for defendant GIJ Enterprises, which operated "Havana Smoke Shop." (Doc. 34) However, the Court noted the matter was not set with sufficient notice.  (Doc. 35)  Therefore, Mr. Kim re-filed the motion on August 21, 2020.  (Doc. 39)  He reports he has been representing CIJ Enterprises on a pro bono basis, but was informed "Havana Smoke Shop is no longer in business and has ceased operation permanently" (Doc. 39-1 at 2, ¶¶ 3-4)  In addition, Mr. Kim reports he "communicated to Defendant GIJ Enterprises, Inc. that [he] will cease representation of GIJ Enterprises, Inc. in this action." (*Id.*, ¶ 6)  Plaintiff filed his opposition to the motion on September 11, 2020. (Doc. 43)

## II.     Legal Standards for Withdrawal of Counsel

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules of the United States District Court, Eastern District of California.  *See* LR 182.  The withdrawal of representation is permitted under the Rules of Professional Conduct if a client "renders it unreasonably difficult for the member to carry our employment effectively."  Cal. R.P.C. 3-700(C)(1)(d).  Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts  made to notify the client of the motion to withdraw.

*Id.*  Likewise, California's Rules require the notice of motion and declaration to be served on the client

2

1 and other parties who have appeared in the case. CRC 3.1362(d).

2       The decision to grant withdrawal is within the discretion of the Court, and withdrawal "may be
3 granted subject to such appropriate conditions as the Court deems fit." LR 182; *see Canandaigua Wine*
4 *Co., Inc. v. Moldauer*, 2009 WL 989141, at *1 (E.D. Cal. Jan. 13, 2009) ("The decision to grant or deny
5 counsel's motion to withdraw is committed to the discretion of the trial court."). Factors the Court may
6 consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused, (3) harm caused to
7 the administration of justice; and (4) delay to the resolution of the case caused by withdrawal.
8 *Canandaigua Wine Co.*, 2009 WL 989141, at *1-2.

9 **III.     Discussion and Analysis**

10       Mr. Kim requests that the Court grant his request to withdraw as he was representing the
11 defendant on a pro bono basis. (Doc. 39 at 2) According to Mr. Kim, GIJ Enterprises informed him
12 that it "intends to dissolve the corporation since it is no longer in operation of any business." (*Id.*) In
13 addition, he previously reported that GIJ Enterprises moved out of the commercial property owned by
14 the other defendants—Yong Kyun Won and Young Ae Won— who are also his clients. (Doc. 29 at 2)

15       Mr. Kim reports that on July 1, 2020, he sent a text message to Suhaila Kamar, the Chief
16 Executive Officer of GIJ Enterprises, and informed Ms. Kamar that he would "cease representation of
17 GIJ Enterprises Inc. in this action." (Doc. 39-1 at 3, Kim Decl. ¶ 6) Mr. Kim reports that the same
18 day, he "followed up [the] initial text message communication by calling… to reiterate [his] cessation
19 of representation," and Ms. Kamar agreed. (*Id.* at 4, ¶¶ 10-11) Upon filing the motion now before the
20 Court, Mr. Kim served the designated agent for service of process for GIJ Enterprises and Ms. Kamar
21 with the notice and motion by mail. (Doc. 39-2 at 1-2) The proofs of service indicate that Mr. Kim
22 served the parties with the documents required by the California Rules. (*See* Doc. 39 at 4; Doc. 39-2
23 at 1-2)

24       Plaintiff opposes the motion on the grounds that "an entity cannot represent itself or be
25 represented by a non-attorney." (Doc. 43 at 2, citing *Rowland v. California Men's Colony*, 506 U.S.
26 194, 201-02; *D-Beam Limited Partnership v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir.
27 2004) In addition, Plaintiff contends "there is no actual evidence before the Court of the intent to
28 dissolve," and "the only evidence before the Court is that counsel for a corporate client is seeking to

3

be relieved without another attorney ready to assume his place." (*Id.* at 2)  Therefore, Plaintiff argues the motion to withdraw is "premature." (*Id.* at 3)

Significantly, Mr. Kim fails to identify sufficient grounds for termination of his representation. A client's failure to pay may demonstrate good cause for withdrawal.  *See Advanced Steel Recovery, LLC v. X-Body Equip., Inc.,* 2019 WL 5063460, at *2 (E.D. Cal. Oct. 9, 2019).  However, Mr. Kim reports that he was representing GIJ Enterprises on a pro bono basis. Thus, the lack of payment does not support his motion for withdrawal.  Rather, it appears that Mr. Kim seeks to withdraw simply because his corporate client expressed plans to dissolve.  (*See* Doc. 39 at 2)  This fact alone does not support the withdrawal of representation, as even dissolved entities require representation.  *See* Local Rule 180(a); *UL LLC v. Rynders*, 2018 U.S. Dist. LEXIS 44664 at *2-3 (E.D. Cal. Mar. 19, 2018) ("the Local Rules do not provide an exception for dissolved corporations from being represented by counsel").

Moreover, "[i]t is the duty of the trial court to see that the client is protected, so far as possible, from the consequences of an attorney's abandonment." *CE Resource, Inc. v. Magellan Grp., LLC*, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (citing *Vann v. Shilleh*, 54 Cal. App. 3d 192, 197 (1975). Mr. Kim does not address the prejudice that would result from his withdrawal of representation, and there is no showing that his client is aware of the prejudicial consequences that would result, including the inability to oppose motions or present evidence.  As the Ninth Circuit explained, "It is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney. *D-Beam Ltd. P'ship*, 366 F.3d at 973-74)

Withdrawal would place GIJ Enterprises "in immediate violation of local rules as they would no longer have counsel to represent them." *CE Resource*, 2009 WL 3367489, at *2*; see also Caveman Foods, LLC v. Jann Payne's Caveman Foods*, 2015 WL 6736801 at *4 (E.D. Cal. Nov. 4, 2015) (noting Local Rule 180(a) requires representation for corporations, and "granting [the] motion to withdraw would effectively place defendant in immediate violation of the Local Rules since it would no longer have counsel to represent it"). As an unrepresented entity, GIJ Enterprises would thus be subject to the entry of default and default judgment. *Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (recognizing default as a permissible sanction for failure to

4

comply with local rules requiring representation by counsel); *see also Arch Ins. Co. v. Sierra Equip. Rental, Inc.,* 2016 WL 829208, at *2 (E.D. Cal. Apr. 15, 2016) (declining a motion to withdraw representation of a corporate client because the entity would be prejudiced and "could not file any pleadings, make or oppose any motions, or present any evidence, and would thus be subject to the entry of default and default judgment"). Thus, this Court finds GIJ Enterprises would suffer prejudice if the withdrawal were to be permitted at this juncture.

## IV.    Conclusion and Order

GIJ Enterprises would suffer prejudice and the administration of justice would be frustrated if withdrawal were permitted at this juncture. Thus, the Court exercises its discretion to deny the request of Mr. Kim to withdraw without the appearance of substitute counsel. *See Canandaigua Wine Co.*, 2009 WL 989141, at *1-2; *Caveman Foods,* 2015 WL 6736801 at *5.

Based upon the foregoing, the Court **ORDERS**: The motions to withdraw as counsel for defendant GIJ Enterprises (Docs. 34, 39) are **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:   **September 21, 2020**            **/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE